UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT L. ATKINSON,

    Plaintiff,                                                   Case No. 3:20-cv-306

vs.

TONI D. ATKINSON,                            District Judge Walter H. Rice
                                                                Magistrate Judge Michael J. Newman

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE ON INITIAL REVIEW UNDER 28 U.S.C. § 1915; (2) SERVICE OF PROCESS NOT ISSUE; AND (3) THIS CASE BE TERMINATED ON THE DOCKET**

This civil case is before the Court on *pro se* Plaintiff's complaint filed *in forma pauperis* ("IFP"). Doc. 1-2. In accordance with 28 U.S.C. §1915(e)(2), this Court must *sua sponte* perform an initial review of the instant action and dismiss any case that is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff").

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In addition to the review required by § 1915, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). In fact, Courts must "determine whether [they] have subject-matter jurisdiction over a case before proceeding at all." *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018).

"The bedrock principle of the federal judicial system is that federal courts are courts of limited jurisdiction." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). Because federal courts are courts of limited jurisdiction, courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citation omitted). Thus, "[a] plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). "Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc.*, 279 F. App'x at 344 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States").

Here, Plaintiff purports to assert a personal injury cause of action against his wife for transmitting to him a sexually transmitted disease.  Doc. 1-2.  Such tort action is not one over which the Court possesses federal question jurisdiction.  Plaintiff also sets forth no allegations showing that this Court possesses diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  Plaintiff is an Ohio resident and it appears that Defendant is also an Ohio resident. *See* doc. 1-3.  Absent a federal cause of action or diversity among the parties, the Court lacks the jurisdiction to proceed in this matter.

Accordingly, the undersigned **RECOMMENDS** that: (1) this case be **DISMISSED WITHOUT PREJUDICE** to refiling in a state court of competent jurisdiction; (2) service of process not issue; and (3) this action be **TERMINATED** on the Court's docket.


Date:  August 19, 2020                          s/ Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).